UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIE TARTER,

    Plaintiff,

 v.

NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

CASE NO. 2:18-CV-00160-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

  Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

  The parties agree the Administrative Law Judge ("ALJ") committed reversible error. As there are no outstanding issues to be resolved and it is clear Plaintiff would be found disabled if Dr. Richard Neiman's opinions are credited as true, the Court remands this case for an award of

benefits pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner").

## FACTUAL AND PROCEDURAL HISTORY

On May 21, 2008, Plaintiff filed an application for DIB, alleging disability as of February 1, 2007. *See* Dkt. 6, Administrative Record ("AR") 114, 565. The application was denied upon initial administrative review and on reconsideration. *See* AR 38-39, 565. After holding an administrative hearing and supplemental hearing, ALJ Larry Kennedy found Plaintiff not disabled on November 3, 2010. AR 12-23, 565, 792-839, 840-49. The Appeals Council denied Plaintiff's administrative appeal, making ALJ Kennedy's decision the final decision of the Commissioner. *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481. Plaintiff appealed to the United States District Court for the Western District of Washington, which remanded the case for further proceedings. *See* AR 711-731; *Tarter v. Astrue*, 2:11-CV-1625-MJP-MAT (W.D. Wash.).

On remand, ALJ Kennedy held an administrative hearing and a supplemental hearing and issued a second decision finding Plaintiff not disabled. AR 658-74, 657-84, 740-59. The second ALJ decision was remanded by the Appeals Council to a new ALJ. AR 762-64. ALJ M.J. Adams held another administrative hearing and issued a third ALJ decision finding Plaintiff not disabled. AR 618-55, 769-80. The Appeals Council again remanded the ALJ decision. AR 789-90. ALJ Adams held a final administrative hearing and, on June 9, 2017, issued a fourth ALJ decision finding Plaintiff not disabled. AR 565-77, 585-617. The Appeals Council denied Plaintiff's administrative appeal, making ALJ Adam's June 9, 2017 decision the final decision of

the Commissioner. AR 551-55. Plaintiff now appeals ALJ Adam's June 9, 2017 decision finding Plaintiff not disabled.[1]

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) follow the Appeals Council's remand order; (2) properly weigh the medical opinion evidence; and (3) provide clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. Dkt. 8, p. 1. Plaintiff requests the Court remand this case for an award of benefits. *Id*. at pp. 14-16.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

Plaintiff and Defendant agree the ALJ committed reversible error in evaluating the medical opinion evidence and Plaintiff's subjective symptom testimony. Dkt. 8, 11. Plaintiff argues the case should be remanded for payment of benefits, while Defendant asserts the case should be remanded for further administrative proceedings. *See* Dkt. 8, 11, 12.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referring to the ALJ Adam's June 9, 2017 decision.

evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, under this "credit-as-true" test, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

An ALJ's errors are relevant, however, only to the extent they impact the underlying question of the Plaintiff's disability. *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005)). Therefore, even if the "credit-as-true" conditions are satisfied, a court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (citing *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2004)).

In following the three-step inquiry, the Court finds the "credit-as-true" criteria have been satisfied in this case. First, the parties agree the ALJ committed reversible error in evaluating the medical opinion evidence and Plaintiff's subjective symptom testimony. Dkt. 8, 11. Second, there are no outstanding issues that must be resolved before a disability determination can be made. Importantly, Defendant does not argue outstanding issues remain in this case. *See* Dkt. 11. Further, while the Appeals Council directed the ALJ to obtain evidence from a medical expert to clarify the nature and severity of Plaintiff's impairments, AR 789, the ALJ stated that "[a]

medical expert is not necessary to further evaluate whether [Plaintiff's] impairments were severe or medically determinable during the relevant period." AR 566, n.1. The Appeals Council found no basis to review the ALJ's decision. *See* AR 551-55. Based on the ALJ's finding and the Appeals Council's decision, the Court concludes the Commissioner had an opportunity to further develop the record and clarify any inconsistencies in the record, but found the record was complete.

      Third, it is clear from the record that the ALJ would be required to find the claimant disabled if the rejected evidence is credited as true. The parties agree the ALJ failed to properly reject the opinions of Plaintiff's treating rheumatologist, Dr. Richard Neiman, M.D. *See* Dkt. 8, 11. Dr. Neiman, who has treated Plaintiff for over twenty years, provided opinions to the Commissioner detailing Plaintiff's functioning from 2010 through 2016. *See* AR 470-74, 1085-86, 1115, 1159-60. In 2013, Dr. Neiman opined, in part, Plaintiff would have difficulty doing any job because she cannot stay in one position for any length of time, has problems with concentration and memory, and has ongoing pain and fatigue. AR 1085. He also stated Plaintiff "is unable to do sedentary work because even sitting causes discomfort." AR 1086. Dr. Neiman noted Plaintiff should be considered disabled because she would be unable to work some days because of her pain, fatigue, memory, and concentration. AR 1115. In 2016, Dr. Neiman opined that Plaintiff's symptoms are disabling. AR 1159-60. If his opinions are credited as true, Plaintiff is unable to work and testimony from a vocational expert regarding the additional limitations opined to by Dr. Neiman is unnecessary. *See Benecke*, 379 F.3d at 595 (remanding for further proceedings when a vocational expert did not answer a hypothetical regarding precise limitations would contribute to waste and delay).

In addition to finding all three "credit-as-true" criteria have been satisfied, the Court finds the exceptional facts of this case warrant an award of benefits. As discussed in the procedural background of this case, Plaintiff filed her application for DIB in May of 2008. AR 114. Over the last ten years, Plaintiff has appeared at four administrative hearings and two supplemental hearings. *See* AR 585-617, 618-55, 658-74, 675-84, 792-839, 840-49. There have been four ALJ decisions issued by two different ALJs. AR 12-23, 565-77, 740-59, 769-80. Plaintiff's case has been remanded by the United States District Court on one occasion and by the Appeals Council on two additional occasions. AR 711-31, 762-64, 789-90. Further, the Commissioner has again conceded the ALJ committed harmful error in the most recent ALJ decision. *See* Dkt. 11.

With every remand, the record in the case appears to have become more convoluted with little apparent benefit. For example, to the extent Plaintiff and Plaintiff's various medical providers will be asked on remand to testify as to the nature and extent of Plaintiff's limitations, the proceedings would appear to be devoid of any useful purpose. The medical opinions, findings, and statements which would be at issue were rendered many years ago and any subsequent medical developments will have little to no bearing on Plaintiff's pending DIB application as her insured status expired on September 30, 2013. *See* AR 568 (insured status expiration date); *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (noting a Court may exercise its discretion to remand a case for an award of benefits "where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed.") (internal citations and quotations omitted)..

Remanding this case for further proceedings strongly resembles the "'heads we win; tails, let's play again' system of disability benefits adjudication" that has been roundly criticized by the Ninth Circuit. *Benecke*, 379 F.3d at 595. The "credit-as-true" test is a "prophylactic measure

designed to motivate the Commissioner to ensure that pain testimony will be carefully assessed and its importance recognized," and to justify "equitable concerns" about the length of time that has elapsed since a claimant filed an application. *Treichler*, 775 F.3d at 1100 (internal citations omitted). As the Commissioner effectively acknowledged the ALJ decisions have involved harmful error and effectively admitted the record is complete by determining it was unnecessary to contact an expert, the Court finds remand for an award of benefits is appropriate. *See Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) (finding exceptional facts warranted benefits where the claimant was 65 years old, had been seeking benefits for over seven years, and had been unable to afford necessary treatment); *Smolen*, 80 F.3d at 1292 (remanding for benefits where the claimant had "already waited over seven years for her disability determination").

Defendant asserts this case should be remanded for further administrative proceedings because it is not clear from the record Plaintiff is disabled. Dkt. 11, p. 4. Defendant, however, cites to no evidence to support this conclusion. *See, generally*, *id*. While not relied on by Defendant, the record shows examining and consultative physicians opined that Plaintiff had potentially non-disabling functional limitations. *See* AR 459-65, 475-85, 486-91. However, as Plaintiff's treating physician, Dr. Neiman's opinions should be given more weight than the opinions of examining and consultative physicians. *Garrison*, 759 F.3d 995, 1012 (9th Cir. 2014) (internal quotations omitted) ("As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant."). Therefore, the Court is not persuaded by Defendant's conclusory assertion that it is not clear from the record Plaintiff is disabled.

In summation, the Court finds the "credit-as-true" test has been satisfied in this case. In addition, the exceptional facts of this case warrant an award of benefits. Accordingly, this case is remanded for an award of benefits.

### CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. The Court finds remand for an award of benefits is appropriate. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for an award of benefits.

Dated this 27th day of August, 2018.

David W. Christel
United States Magistrate Judge